UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALEJANDRO LARIOS, individually and on behalf of other members of the others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>NIKE RETAIL SERVICES, INC. And DOES 1-10, inclusive,<br><br>　　　　　　　　　　Defendant. | CASE NO. 11cv1600-GPC-NLS<br><br>CLASS ACTION<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>Dkt. Nos. 34-1, 36, and 37 |

**INTRODUCTION**

Before the Court is Plaintiff Carlos Alejandro Larios' ("Plaintiff") Motion for Leave to Amend the Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("FRCP") 15(a). (Dkt. No. 34; Motion to Amend.) Plaintiff seeks to file his proposed third amended complaint ("TAC") adding a claim for missed and late meal periods. Defendant Nike Retail Services, Inc. ("Nike") opposes. (Dkt. No. 36.) Plaintiff replied. (Dkt. No. 37.) The motion is submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). After a review of the briefs, supporting documentation, and applicable law, the Court **GRANT** Plaintiff's motion for leave to amend.

/ / /

## PROCEDURAL HISTORY

On July 20, 2011, Plaintiff filed a class action complaint against Nike alleging claims for unpaid wages based on Nike's purported improper rounding of time, erroneous calculation of employees' regular rate-of-pay, and various off-the-clock violations. (Dkt. No. 1; "Complaint.")

On August 12, 2011, Nike filed a motion to dismiss or strike pursuant to FRCP 12(b)(6) and 12(f). (Dkt. No. 3.) However, on September 2, 2011, Plaintiff filed a first amended complaint, adding a claim for relief alleging a violation of California Labor Code section 2698 ("FAC"). (Dkt. No. 8.)

On September 16, 2011, Plaintiff filed a second amended complaint ("SAC"), which currently serves as the operative complaint, pursuant to Plaintiff and Nike's stipulation to dismiss Plaintiff's claims brought under the Fair Labor Standards Act ("FLSA") and allow the filing of the SAC. (Dkt. Nos. 9, 10.) On September 20, 2011, the Court granted the parties' aforementioned stipulation. (Dkt. No. 11.)

On September 28, 2012, the Court denied Nike's motion to dismiss the SAC pursuant to FRCP 12(b)(6) and 12(f). (Dkt. No. 21.) Accordingly, on October 12, 2012, Nike filed an answer to the SAC. (Dkt. No. 22.)

On October 12, 2012, the case was transferred from the Hon. Barry Moskowitz to the calendar of the Hon. Gonzalo P. Curiel. (Dkt. No. 23.)

On May 24, 2013, the Court granted the parties' joint motion to modify the scheduling orderregulating discovery and class certification, setting, *inter alia*, the following deadlines:

| | |
|---|---|
| **March 15, 2013** | Deadline for filing any motion to join other parties, amend the pleadings, or file additional pleadings. |
| **August 23, 2013** | Deadline for completing class discovery/discovery cut-off date. |
| **September 23, 2013** | Deadline for Plaintiff to file motion for class certification. |

(Dkt. No. 30.)

On March 15, 2013, Plaintiff filed this motion to amend his complaint. (Dkt. No. 34.) On April 8, 2013, Nike filed a response in opposition to Plaintiff's motion to amend the SAC. (Dkt. No. 36.) On April 15, 2013, Plaintiff replied. (Dkt. No. 37.)

On July 11, 2013, Nike filed a motion for partial summary judgment, or, in the alternative, partial summary adjudication of issues. (Dkt. No. 40.)

## FACTUAL BACKGROUND

From July 2010 through July 2011, Nike employed Plaintiff at its San Diego outlet store located in the Las Americas Premium Outlets. (SAC ¶ 7.) During his one year of employment, Nike paid Plaintiff as a nonexempt employee. (Id. at ¶ 8.) In July 2011, Nike terminated Plaintiff's employment, and Plaintiff filed the present lawsuit alleging several violations of labor laws. (Id. at ¶ 7.) First, Plaintiff alleges that by failing to include the value of discount clothing, shoes, and nondiscretionary bonuses within his (as well as the putative class members') regular rate of pay, Plaintiff received inaccurate and inadequate compensation. (Id. at ¶ 13.) Second, Plaintiff alleges that Nike's practice of "salami-slicing[1]" time on the time clock to the nearest one hundredth of a minute resulted in underpayment of both minimum wage and overtime to Plaintiff and members of the putative class. (SAC ¶ 13.) Third, Plaintiff alleges that by forcing employees to remain in its store after employees had already clocked out, Nike failed to record all time worked. (SAC ¶ 13.)

Plaintiff's original complaint asserted claims for relief based upon separately alleged violations of the California Labor Code, the FLSA, and the California Business & Professions Code. (SAC ¶¶ 9-11.) Plaintiff's FAC added a claim for relief alleging a violation of California Labor Code section 2698; after informal discovery, Plaintiff agreed to dismiss his FLSA Claim without prejudice. (Dkt. No. 11.)

---

[1] The Oxford Advanced Learner's Dictionary defines "salami-slicing" as "the act of removing something gradually by small amounts at a time." Oxford Advanced Learner's Dictionary (2013). In the employment context, this amounts to removing a small amount of an employee's time when calculating his or her time worked by rounding to the nearest decimal point.

On September 16, 2011, Plaintiff filed the SAC. (Dkt. No. 10.) Plaintiff seeks class certification of his first two claims pursuant to FRCP 23. (SAC ¶¶ 9-10.) Count I alleges violation of the California Labor Code, and Count II alleges violation of California Business & Professions Code section 17200. (Id.) In Count III, Plaintiff brings a representative action for penalties pursuant to California's Private Attorney General Act of 2004. (SAC ¶ 11.)

On March 15, 2013, Plaintiff filed this motion for leave to amend in order to add meal break allegations on behalf of Plaintiff and a putative class of all nonexempt employees nationwide, whereby said allegations are based upon time clock records provided to Plaintiff in September 2011. (Dkt. No. 36.)

## LEGAL STANDARD

Under FRCP 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." Id.; contra Union Pacific R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991) (In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than new parties).

Because FRCP 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In order to amend a pleading once a pretrial scheduling order has issued pursuant to FRCP 16(b), plaintiffs must show "good cause." Johnson v. Mammoth Recreations, Inc., 975 F.2d

604, 609 (9th Cir. 1992).  In assessing the propriety of amendment, courts consider several factors:  (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment.  Foman, 371 U.S. at 182; United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011).  These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, DCD Programs, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. Bowles v. Reade, 198 F.2d 752, 758 (9th Cir. 1999).  The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment.  William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981).  The party opposing amendment bears the heavy burden of overcoming the presumption in favor of amendment which arises absent a demonstration of prejudice or a strong showing of any of the remaining factors. DCD Programs, 833 F.2d at 186-87.

**DISCUSSION**

In his motion, Plaintiff contends that since the filing of the Complaint, he was not aware of the late and missed meal period claims until reviewing the voluminous production of documents from the Defendant on March 7, 2013. (Dkt. No. 34-1.)  As a result, Plaintiff wishes to amend the SAC to add claims for late meal periods. (Id.) Defendant argues the Court should deny Plaintiff's proposed Third Amended Complaint ("TAC") because the meal break claims lack specificity and plausibility. (Dkt. No. 36.)  Defendant also argues that Plaintiff's request for leave to amend over a year and a half after filing the Complaint constitutes an undue delay. (Id.)  For the reasons discussed below, the Court finds the Foman factors weigh in favor of granting Plaintiff's Motion for Leave to Amend. See Foman, 371 U.S. at 182.

/ / /

### A. No Bad Faith

Finding bad faith requires courts to focus on the plaintiff's motives for not amending the complaint to assert the proposed new claims earlier, and occasionally, delay in itself may be evidence of bad faith sufficient to justify denial of leave to amend. Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). Bad faith may be found where a plaintiff has filed repetitious motions to amend. Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515 (9th Cir.1983). Bad faith will not be found "where the record demonstrates that plaintiffs' allegations were not frivolous and that they were endeavoring in good faith to meet the [sic] pleading requirements." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1053 (9th Cir. 2003).

In the present case, Plaintiff has amended his complaint three times. There is no indication that Plaintiff's previous complaints were filed in a repetitious manner. On the contrary, the parties stipulated to the dismissal of specific claims in the first amended complaint. Upon joint motion of the parties, the Court granted Plaintiff leave to file a second amended complaint. (See Dkt. No. 11.) Moreover, the record demonstrates that Plaintiff's meal break allegations are not frivolous, as Plaintiff has provided copies of the time records to support his claims. Thus, the Court finds an absence of evidence of bad faith on the part of Plaintiff.

### B. No Prejudice to Nike

Undue prejudice to the opposing party is another ground for denying leave to amend and can be assumed whenever a party brings motion to amend late in the litigation. Solomon v. North American Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998); see also Foman, 371 U.S. at 182. "Prejudice is the 'touchstone of the inquiry under rule 15(a)'" and "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051–52 (9th Cir. 2003) [citations omitted]. In considering potential prejudice, the Court considers whether the amended complaint would "greatly change the parties' positions in the action, and require the assertion of new defenses." See Peruta v. Cnty. of San Diego, 09-CV-2371-IEG (BLM), 2010 WL

2612942, 4 (S.D. Cal. June 25, 2010) (citing Phoenix Solutions, Inc. v. Sony Elec., Inc., 637 F.Supp. 2d 683, 690 (N.D. Cal. 2009); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).[2]

Nike fails to assert that it will suffer prejudice as a result of the filing of Plaintiff's TAC. Indeed, the Court finds the addition of Plaintiff's new claims arising out of alleged meal period violations will neither greatly change the parties' position in the action nor require Nike to expend additional resources to assert drastically new defenses. Beyond vague references to the potential for additional discovery (which fail to quantify its potential cost or scope), Nike makes no showing of prejudice. Although Nike has filed a motion for partial summary judgment, consideration of additional claims may occur at a later date. Any additional litigation costs that may be incurred are not grounds for denial of leave to amend. See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001).

### C. No Undue Delay

"Undue delay by itself . . . is insufficient to justify denying a motion to amend." Bowles, 198 F.2d at 758. When a party makes a motion for leave to amend after an inordinate delay, offering no satisfactory explanation for the delay, and the amendment would prejudice the defendant, courts plainly have discretion to deny leave to amend. Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990); see also Rusyniak v. Gensini, 629 F.Supp.2d 203, 216 (N.D.N.Y. 2009) ("When a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay") [citations omitted].

Plaintiff has not waited an unreasonable period of time to request leave to

---

[2] The Second Circuit, when determining what constitutes prejudice, has examined whether the assertion of the new claim(s) would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

amend. As a preliminary matter, Plaintiff asserts he did not possess the facts required to make the allegations in his proposed TAC at the time he filed his Complaint. (Dkt. No. 34-1 at 10.) Nikeargues that Plaintiff's proposed amendment is based on information known to Plaintiff since his employment with Nike and based on information provided to Plaintiff's counsel in 2011.(Dkt. No. 36 at 17.)

The Court is satisfied with Plaintiff's explanation as to why he waited to move to file an amended complaint. The Court is further satisfied that Plaintiff filed his motion to amend by the court-ordered scheduling deadline, showing a lack of inordinate delay. As discussed above, there is no showing of bad faith nor prejudice to the opposing party. Any minor delay in bringing the motion to amend is insufficient to deny the motion to amend.

### D.  **No Futility**

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). A motion for leave to amend will be denied for futilityonly if the proposed amendment sets forth no set of facts which "can be proved under the amendment to the pleadings that would constitute a sufficient and valid claim." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). However, denial of leave to amend on this ground is rare. Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003); accord Green Valley Corp. v. Caldo Oil Co., 2011 WL 1465883, at *6 (N.D.Cal. April 18, 2011) (noting the "general preference against denying a motion for leave to amend based on futility"). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Fair Hous. Council of Cent. California, Inc. v. Nunez, 1:10CV02073 LJO DLB, 2012 WL 217479 at *4 (E.D. Cal. Jan. 24, 2012) [citations omitted].

Nike's Opposition largely focuses on the purported futility of Plaintiff's proposed claims. (Dkt. No. 36 at 4-12.) Plaintiff responds that he has pled sufficient facts to state a claim for violation of California's meal and rest break provisions. (Dkt.

1  No. 37 at 2.)  In his proposed TAC, Plaintiff alleges that he and other class members
2  ". . . were denied the ability to take timely meal periods, in that the [sic] were not
3  provided a meal period during the first five hours of time worked," and that in other
4  instances they " . . . were denied the ability to take meal periods altogether."  (SAC ¶
5  49.)  Plaintiff also includes his time records showing evidentiary support that he failed
6  to receive a meal break on one occasion, received a late meal break on another
7  occasion, and never received a meal period payment for such violations.[3]  (SAC Ex. 1.)
8       Drawing all reasonable inferences in Plaintiff's favor and assuming the truth of
9  his new allegations, the Court does not find the proposed amended complaint is futile.
10 In light of the Ninth Circuit's liberal policy favoring granting leave to amend, the Court
11 declines to indulge Nike's attempt to convert Plaintiff's motion to amend into a
12 premature motion to dismiss.  Because Nike established neither prejudice nor a strong
13 showing of any other factor, it fails to meet its burden in opposing Plaintiff's Motion
14 to Amend.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.
15 2003).  As such, the Court defers consideration of challenges to the merits of Plaintiff's
16 TAC until it has been filed.
17      Overall, the Foman factors weigh in favor of permitting Plaintiff to amend his
18 SAC.  Moreover, given the strong federal policy favoring amendments due to a
19 preference for resolving cases on the merits, DCD Programs Ltd., 833 F.2d at 186, and
20 the tendency of courts to more freely grant leave to amend where plaintiffs seek to add
21 new claims (as opposed to new parties), Union Pacific R.R. Co., 950 F.2d at 1432, the
22 Court finds it appropriate to grant Plaintiff's Motion to Amend.

### CONCLUSION

24 For the above stated reasons, the Court **GRANTS** Plaintiff's Motion for Leave
25 to Amend.
26      Accordingly, Plaintiff **SHALL FILE** his Third Amended Complaint within

---

[3] On October 27, 2010, Plaintiff's time records demonstrate Plaintiff did not have a meal break for a shift where he worked 6 hours and 33 minutes, and that two days later, on October 29, 2010, his meal period occurred 15 minutes late, or after he worked 5 hours and 15 minutes.  (SAC ¶ 49, Ex. 1.)

**seven days** of this order being electronically docketed.  The Court cautions Plaintiff that any further requests for leave to amend will be denied absent a showing of substantial prejudice to Plaintiff.

DATED:  August 9, 2013

                                                HON. GONZALO P. CURIEL
                                                United States District Judge